# In the United States Court of Federal Claims

(Pro Se)

|  |  |  |
|---|---|---|
| ERIC RAY MALONE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 22-1910C |
| v. | ) | (Filed: March 28, 2023) |
| | ) | |
| THE UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |

Eric Ray Malone, Palm Springs, CA, proceeding pro se.

Brendan D. Jordan, Trial Attorney, U.S. Department of Justice Civil Division, Commercial Litigation Branch, Washington, DC, with whom were Brian M. Boynton, Principal Deputy Assistant Attorney General, Patricia M. McCarthy, Director, and Franklin E. White, Jr., Assistant Director, for Defendant.

## OPINION AND ORDER

Plaintiff Eric Ray Malone brought this complaint against the United States, seeking enforcement of an arbitration award against Toyota. Compl., Docket No. 1 ("Malone III"). According to Mr. Malone, "a binding arbitration was settled in which the defendant failed to oversee the completeness of the manufacturer's timely distribution of the award and after seeking enforcement through another forum, the defendant has not issued enforcement of such award." See id. at 1. Mr. Malone requests that the United States require Toyota to pay him that award. See id. at 1–2.

This complaint marks the third time that Mr. Malone has brought a federal case seeking enforcement of his arbitral award. See Malone v. Toyota Motor Sales, No. 2:22-cv-929-FMO-PVC (C.D. Cal.) ("Malone I"); Malone v. United States, No. 1:22-00049-ZNS (Fed. Cl.)

("Malone II"). In the first case, the Central District of California dismissed for failure to allege diversity jurisdiction. See Minutes Order re: Mot. to Dismiss at 2, Malone I, ECF No. 64. In the second case, brought in the Court of Federal Claims, Mr. Joiner and the government jointly stipulated that Mr. Joiner's case would be dismissed with prejudice. See Stipulation of Dismissal with Prejudice, Malone II, Docket No. 8. Mr. Malone appealed the joint stipulation of dismissal, but the Federal Circuit dismissed that appeal as untimely. See Malone v. United States, No. 2022-2274, 2023 WL 2258385, at *1 (Fed. Cir. Feb. 28, 2023).

The government moved to dismiss this case on February 23, 2023. Docket No. 12. The government argues that the Court lacks jurisdiction to adjudicate a dispute between two private parties and that, in any event, Mr. Malone's suit is barred by claim preclusion. See id. at 6–8.

In ruling on a motion to dismiss for lack of subject-matter jurisdiction, the Court accepts as true all undisputed facts alleged in the complaint and "draw[s] all reasonable inferences in favor of the plaintiff." Trusted Integration, Inc. v. United States, 659 F.3d 1159, 1163 (Fed. Cir. 2011). The plaintiff, however, has the burden of establishing subject-matter jurisdiction by preponderant evidence. Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988).

Plaintiffs proceeding pro se, lacking the benefit of counsel in preparing their claims, receive a degree of latitude in their pleadings not afforded parties represented by counsel. See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972) (noting that the pleadings of pro se plaintiffs are held to "less stringent standards than formal pleadings drafted by lawyers"). Nevertheless, pro se plaintiffs must meet the burden of establishing that the Court has subject-matter jurisdiction. See Trusted Integration, 659 F.3d at 1163.

2

The Court of Federal Claims has jurisdiction under the Tucker Act to hear "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). While the Tucker Act waives the sovereign immunity of the United States to allow a suit for money damages, United States v. Mitchell, 463 U.S. 206, 212 (1983), it does not confer any substantive rights, United States v. Testan, 424 U.S. 392, 398 (1976). Plaintiffs invoking the court's jurisdiction must therefore identify a substantive right to money damages arising out of a contract, statute, regulation, or constitutional provision. See Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin., 525 F.3d 1299, 1306 (Fed. Cir. 2008).

This Court lacks jurisdiction over Mr. Malone's claim. First, the Tucker Act gives the Court jurisdiction to hear claims against the United States; the Court lacks jurisdiction to enforce arbitral awards between two private parties. See 28 U.S.C. § 1491(a)(1). Mr. Malone's naming of the United States as defendant is insufficient to circumvent this jurisdictional requirement where the real party in interest is Toyota Motor Sales. See Hufford v. United States, 87 Fed. Cl. 696, 702 (2009) (citing McGrath v. United States, 85 Fed. Cl. 769, 773 (2009)); Fullard v. United States, 78 Fed. Cl. 294, 300 (2007) ("A plaintiff cannot invoke Tucker Act jurisdiction by merely naming the United States as the defendant in the caption of the complaint but failing to assert any substantive claims against the federal government.").

Second, Mr. Malone cannot invoke the Federal Arbitration Act to secure jurisdiction in this Court. The Court of Federal Claims can hear claims alleging a right to money damages from the federal government, but it does not have jurisdiction to enforce any federal law directing others to pay damages to plaintiffs. See United States v. Sherwood, 312 U.S. 584, 588 (1941)

(The Court of Federal Claims' "jurisdiction is confined to the rendition of money judgments in suits brought for that relief against the United States, [] and if the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the court.") (citations omitted). Recognizing that federal law governs the arbitration Mr. Malone alleges he participated in is not the same thing as recognizing that the federal government must pay an award in an arbitration to which it was not a party.

Third, even if Mr. Malone did raise a proper claim within this Court's jurisdiction, it would be barred by claim preclusion. Under the doctrine of claim preclusion, "[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981). "[C]laim preclusion applies where: '(1) the parties are identical or in privity; (2) the first suit proceeded to a final judgment on the merits; and (3) the second claim is based on the same set of transactional facts as the first.'" First Mortgage Corp. v. United States, 961 F.3d 1331, 1338 (quoting Ammex, Inc. v. United States, 334 F.3d 1052, 1055 (Fed. Cir. 2003)).

Here, Mr. Malone previously filed a complaint in this Court raising the same claim. See Compl. at 1, Malone II (alleging that "[t]he National Center for dispute settlement issued an award to one that I was left on my own to seek enforcement of that award . . ."). That claim was voluntarily dismissed with prejudice—i.e., on the merits. See Stipulation of Dismissal with Prejudice at 1, Malone II. And this claim is based on an identical set of facts. See Compl. at 1, Malone III (alleging that "a binding arbitration was settled in which the defendant failed to oversee the completeness of the manufacturer's timely distribution of the award . . ."). Mr. Malone has already received an adjudication on the merits relating to his claim against the United States for enforcement of his arbitral award; he cannot bring that same claim again.

4

For these reasons, the government's motion to dismiss, Docket No. 12, is **GRANTED**. Mr. Malone's motion for summary judgment, Docket No. 11, is **DENIED** as moot. Mr. Malone's motion to proceed in forma pauperis, Docket No. 10, is **GRANTED**. The clerk is directed to enter judgment accordingly.

   **IT IS SO ORDERED.**


_____
ELAINE D. KAPLAN
Chief Judge